IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA SUE DILLOW, )<br>        Plaintiff, )<br>)<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>        Defendant. ) | Civil Action No. 10-651<br>Electronically Filed |

## MEMORANDUM OPINION

### I.    Introduction

Plaintiff, Linda Dillow ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have submitted cross motions for summary judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 8) will be granted to the extent it seeks to vacate the Commissioner's decision. The Commissioner's Motion for Summary Judgment (Doc. No. 9) will be denied and the case will be remanded to the Commissioner pursuant to the fourth sentence of §405(g) for further administrative proceedings.

### II.    Procedural History

Dillow protectively filed applications for DIB and SSI on August 24, 2006, alleging disability as of September 10, 2003. R. 81-89. The applications were denied by the state agency on October 23, 2006. R. 42-54. Dillow responded on November 14, 2006, by filing a timely request for an administrative hearing. R. 55-57. On December 19, 2007, a hearing was held in Morgantown, West

1

Virginia, before Administrative Law Judge ("ALJ") Norma Cannon. R. 21-41. Dillow, who was represented by counsel, appeared and testified. R. 28-38. Larry Bell, an impartial vocational expert ("VE"), also testified. R. 38-40.

In a decision dated February 14, 2008, the ALJ determined that Dillow was not "disabled" within the meaning of the Act. R. 10-19. The Appeals Council denied Dillow's request for review on March 23, 2010, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 1-5. Dillow commenced the present action on May 13, 2010, seeking judicial review of the Commissioner's decision. Doc. No. 1. Dillow and the Commissioner filed cross-motions for summary judgment on October 7, 2010. Doc. Nos. 8 & 9. These motions are the subject of this memorandum opinion.

## III. Statement of the Case

In her decision, the ALJ made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2005.

2. The claimant has not engaged in substantial gainful activity since September 10, 2003, the alleged onset date. (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), 416.971 *et seq.*).

3. The claimant has the following severe impairments: Grave's disease and anxiety. (20 C.F.R. §§ 404.1520(c), 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925, and 416.926).

5. Based on all available evidence, the undersigned finds that the claimant retains the residual functional capacity to perform medium work, or work which requires maximum

lifting of 50 pounds and frequent lifting up to 25 pounds (20 C.F.R. § 416.967). In addition, the claimant has the following non-exertional limitations: she must avoid working in areas of extreme heat or cold, wetness and humidity, or in areas of concentrated fumes, dust, odors, and gases; she cannot work around environmental hazards such as dangerous moving machinery or unprotected heights; she can do no more than entry-level unskilled work, routine and repetitive in nature, involving primarily things, rather than people; she cannot do work that requires intense concentration; she can do no work that requires fine visual acuity; and she can do no work that requires more than limited contact with the public and co-workers.

6. The claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant was born on October 24, 1972, and was 30 years old, which is defined as a "younger individual" within the meaning of the regulations, on the alleged disability onset date. (20 C.F.R. §§ 404.1564 and 416.964).

8. The claimant has at least a high school education and the ability to communicate in English. (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. § 404.1560(c), 404.1566, 416.960(c) and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 10, 2003, through the date of this decision. (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 12-18.

## IV. Standards of Review

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful

activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

5

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

## V. Discussion

In support of her Motion for Summary Judgment, Plaintiff contends that because the ALJ did not address the opinion of her treating psychologist, Scott Tracy, Ph.D., the ALJ failed to adequately evaluate the relevant medical evidence. Doc. No. 10, 8-10. The Commissioner argues that the ALJ's decision is supported by substantial evidence. Doc. No. 11.

### A. Disregard of Relevant Medical Assessment of Treating Psychologist

To be eligible for benefits, Dillow, as plaintiff, has the burden of showing a medically determinable impairment that is so severe that it prevents her from engaging in any substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d) (2)(A); 20 C.F.R. §§ 404.1505, 416.905; *See Heckler v. Campbell*, 461 U.S. 458, 460 (1983). Plaintiff's record contains medical

evidence of her panic attacks, severe anxiety, and resulting limitations which may have demonstrated that she was unable to engage in substantial gainful activity.

Plaintiff sought treatment from Dr. Tracy beginning in September 2007 for her "long history of frequent panic attacks." R. 245. Dr. Tracy psychologically evaluated Plaintiff on September 14, October 5, and October 26, 2007. R. 511-22. Dr. Tracy dictated his observations for the state agency on November 15, 2007. R. 245-47. Dr. Tracy found that Plaintiff's functional assessment showed "marked impairment in relationship [to Plaintiff's] family area . . . . [and] severe impairment in job performance." R. 246. Specifically, Dr. Tracy assessed that Plaintiff's motor activity was grossly hyperactive and her judgment was severely impaired. *Id.* Dr. Tracy administered a Burns test and found Plaintiff's anxiety to be "grossly elevated with the highest ratings on her physical symptom subscale." *Id.* Dr. Tracy opined that Plaintiff "suffers from severe panic attacks with agoraphobia. Currently, it is unlikely that she is unable to work . . . . I do believe her condition to be chronic and severe." *Id.*

The ALJ's decision does not adequately address Plaintiff's medical record or explain the basis of her decision to enable meaningful judicial review. At step two of the sequential evaluation process, the ALJ determined that Plaintiff suffered from the severe impairments of Grave's disease and anxiety. R. 12. She then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with several non-exertional limitations. R. 15. In so doing, the ALJ first found that "the claimant is not entirely credible, particularly with regard to her allegations of pain, limitations, and overall disability." R. 17. To support her rejection of Plaintiff's alleged disability, the ALJ noted that Plaintiff indicated that she is capable of performing significant activities around the house. *Id.* The ALJ concluded that the "objective medical evidence does not indicate that [Plaintiff] is significantly limited physically. She is able to care for two children, one of whom is handicapped." *Id.*

7

The ALJ proceeded to her cursory discussion of Plaintiff's medical record. The ALJ's entire analysis of Plaintiff's medical record is as follows:

> The Social Security Administration also requires the undersigned to consider the findings of fact by the State Agency medical consultants about the nature and severity of the claimant's impairments. The undersigned is not, however, bound by these findings. (20 C.F.R. § 404.1527 and SSR (Social Security Ruling) 96-6p). State Agency physicians completed a PRTF (psychiatric review technique form) and mental and physical residual functional capacity assessments upon review of the claimant's medical file. The undersigned has considered these opinions and, to the extent that they show that the claimant's ability to perform exertional work or non-exertional work requirements are not grossly restricted, and to the extent that the opinions seem consistent with the majority of the objective findings in the medical evidence, the undersigned agrees with them. R. 17.

An ALJ is required to consider, discuss, and weigh all of the relevant medical evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). Such analysis is required because "unless the Secretary has analyzed all evidence and sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Cotter*, 642 F.2d at 705.

The ALJ in the present case was not obligated to accept Dr. Tracy's opinion that Dillow was unable to work because the issue of any claimant's disability is exclusively reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Indeed, the regulations specifically provide that the treating source physician's opinions on the issue of disability are "never entitled to controlling weight or special significance." 20 C.F.R. §§ 404.1527(e), 416.927(e); *See also Adorno*, 40 F.3d at 47-48. However, the ALJ was required to specifically address and give substantial weight to Dr. Tracy's medical opinions regarding Dillow's impairments and resulting limitations. *Cotter*, 642 F.2d at 700, *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).

The ALJ's only mention of Dr. Tracy's assessment was a brief acknowledgment that he treated Plaintiff, at step two of the sequential evaluation. R. 14. The ALJ noted that Plaintiff "started a

8

treatment plan with Dr. Scott Tracy in September and October of 2007, for her psychological impairments." *Id.* The ALJ then addressed Dr. Tracy's October 8, 2007, conclusion that Plaintiff's complaints of trouble swallowing were due to her chronic anxiety because there were no physical problems with her glands of neck soft tissue and a neck x-ray showed no abnormality. *Id.* The ALJ also noted that on October 19, 2007, Plaintiff was "diagnosed with anxiety and panic attacks, with Grave's disease, and gastro-esophageal reflux disease." *Id.*

Although the ALJ mentioned these limited aspects of Dr. Tracy's treatment at step two, she did not reference Dr. Tracy's assessment in any manner in her RFC determination, even though Dr. Tracy's assessments were important and relevant to Plaintiff's RFC and resulting ability to work. R. 14, 17. Namely, Dr. Tracy's consultative examination includes medical evidence that Plaintiff had limitations as a result of her psychological impairment, including severely impaired judgment and grossly hyperactive motor skills. R. 245-47, 511-23. Moreover, at times during her three appointments with Dr. Tracy, he found Plaintiff to be anxious, to have rapid and pressured speech, to have fair concentration, and to have illogical thought content and impaired insight. R. 512-518. The medical record also includes evidence of Plaintiff's numerous visits to Uniontown Hospital's Emergency Room for treatment related to her anxiety and panic attacks. R. 256-498.

In making a residual functional capacity determination, the ALJ must consider all evidence of record. *Plummer v. Apfel,* 186 F.3d 422, 429 (3d. Cir. 1999). An ALJ may weigh the credibility of evidence, but must give an indication of the evidence she rejects and her reasons for discounting said evidence. *Plummer*, 186 F.3d at 429. Otherwise, "in the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. In the present case, it is impossible to determine whether the ALJ considered Dr. Tracy's assessments and Plaintiff's emergency room treatments because they simply were not addressed by the

ALJ. R. 10-19. Therefore, this Court cannot accurately determine whether the ALJ's decision is based on substantial evidence. *Fargnoli*, 247 F.3d at 43-44.

### B. Appropriate Remedy

Plaintiff further contends that Dr. Tracy's opinion is entitled to controlling weight, and because his assessment demonstrates that she is not capable of performing substantial gainful activity, an automatic award of benefits is appropriate. Doc. No. 10, 11.

The United States Court of Appeals for the Third Circuit has emphasized that a treating physician's opinion regarding a claimant's ability to work is entitled to substantial weight. *See Cotter*, 642 F.2d at 700. The Court recognized that this is "(the) cardinal principle guiding disability eligibility determinations." *Morales*, 225 F.3d at 317. This principle is especially true when the treating physician's opinion reflects "expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales*, 225 F.3d at 317, citing *Plummer*, 186 F.3d at 429. The more supported and consistent an opinion is with the record as a whole, the more weight will be given to the opinion. 20 C.F.R. §§ 404.1527(d)(3),(4), 416.927 (d)(3),(4), *See* SSR 96-2 ("A statement by a physician or other treating source can be given weight only to the extent it is supported by medical findings.). Indeed, an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer*, 186 F.3d at 429. A medical opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(d)(2).

Here, Dr. Tracy's opinion was not automatically controlling and the ALJ was free to explain why she was not accepting Dr. Tracy's opinion. Dr. Tracy treated Plaintiff for her anxiety and panic attacks on three occasions from September through November 2007. R. 511-23. In his transcribed report, Dr. Tracy opined that this length of treatment was not enough for him to assess Plaintiff's long-term prognosis and he referred Plaintiff to other mental health providers for further evaluation. R. 246. ("It is difficult however for me to assess long-term disability since I have only seen Linda since September . . . . I have referred Linda to a psychiatrist for additional evaluation . . . . I recommend a full evaluation by a BDD evaluator, but I believe it is unlikely Linda will be able to work any time in the near future."). Therefore, by his own admission, Dr. Tracy's assessments were not the result of prolonged and continuous observation.

Furthermore, Dr. Tracy's assessments are not entirely consistent with his evaluations. Dr. Tracy's mental status examinations are not consistent because at times Plaintiff was noted to have fair concentration and impaired insight, while another evaluation revealed good concentration and intact insight. R. 512-13. Therefore, the ALJ could have afforded Dr. Tracy's opinion less weight because of his apparently inconsistent findings. 20 C.F.R. §§ 404.1527(d)(3),(4), 416.927 (d)(3),(4).

Additionally, Dr. Tracy's evaluations are not entirely consistent with the record as a whole. The United States Court of Appeals for the Third Circuit has consistently recognized that an ALJ may reject the opinion of a treating physician when that opinion is contradicted by other probative medical evidence. *Morales*, 225 F.3d at 317; *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988). Plaintiff was examined by clinical psychologist Thomas Andrews, M.D., on September 26, 2006. R. 189-193. Dr. Andrews completed an evaluation and mental health assessment. R. 189-95. Dr. Andrews found Plaintiff to be "a very nervous person" whose "anxiety was high." R. 191. Dr. Andrews also found that Plaintiff's concentration was "difficult at times." R. 193. However, unlike Dr. Tracy, Dr. Andrews

11

concluded that Plaintiff was only slightly limited in her ability to understand and carry out short, simple instructions and moderately limited in her other work tasks. R. 194-95. Dr. Heil, a non-examining consultative examiner completed a mental RFC assessment which adopted many of Dr. Andrews' findings. R. 196-199. Dr. Heil concluded that Plaintiff could perform simple, routine, repetitive work in a stable environment and was capable of understanding, retaining, and following job instructions on one and two-step tasks. R. 198. Plaintiff also received treatment from Staci Sheba, D.O., for anxiety, panic disorder, and Graves disease in September and October 2007. R. 233-36. During these appointments, Plaintiff reported that her panic attacks occurred from time to time and although she was still nervous, she felt "better." R. 234.

In sum, Dr. Tracy's assessments were at times inconsistent with his mental health evaluations and the medical record as a whole. Therefore, Dr. Tracy's opinions were not entitled to controlling weight. *Plummer*, 186 F.3d at 429. Consequently, tit was within the ALJ's discretion to accept the opinions of Dr. Andrews and Dr. Heil over those of Dr. Tracy where they conflicted. *Morales*, 225 F.3d at 317. However, based on her cursory discussion of the medical record without any citation to Dr. Tracy's assessments, it is not clear what analysis of the medical record, if any, the ALJ undertook. R. 17. Therefore, the ALJ's decision is not supported by substantial evidence. *Fargnoli*, 247 F.3d at 43-44.

In light of the foregoing analysis, the ALJ's decision cannot be affirmed, but neither may the Court award benefits. An immediate award of benefits is only appropriate when the evidentiary record has been fully developed and the evidence as a whole clearly points in favor of a finding that the claimant is statutorily disabled. *Morales*, 225 F.3d at 320. That standard is not met here.

As discussed above, the medical record includes conflicting evidence about Plaintiff's alleged mental limitations. Namely, although Dr. Tracey's assessment supports a finding of disability and an

12

award of benefits, much of Dr. Tracy's opinion is contradicted by Dr. Andrews' and Dr. Heil's assessments. Therefore, the record does not clearly demonstrate that Plaintiff is statutorily disabled. *Morales*, 225 F.3d at 320. The case must be remanded for further administrative proceedings which address the complete medical record and the ALJ's reasons for discounting any findings by Plaintiff's treating physician.

## VI. Conclusion

It is impossible to determine from the administrative decision whether the ALJ considered the entire medical record and if so, what weight was given to the various medical opinions. Therefore, the ALJ's decision is not supported by substantial evidence and must be remanded for further administrative hearings consistent with this memorandum opinion. *Fargnoli*, 247 F.3d at 43-44.

Once additional medical evidence has been gathered, if necessary, and with or without a hearing, the ALJ shall revisit the disability determination beginning at Plaintiff's RFC analysis and determine whether Plaintiff's mental and physical conditions alone or in combination, preclude her from engaging in substantial gainful activity. Any finding must be supported by substantial evidence.

An appropriate order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

Dated: November 18, 2010

cc: All Registered ECF Counsel and Parties